IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWYANE L. CAROLINA, | 1:12-cv-01579 BAM (HC) |
| Petitioner, | |
| vs. | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA |
| J. MCDONALD, Warden, | |
| Respondent. | |
| _____/ | |

Petitioner, a state proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

Petitioner has not paid the $5.00 filing fee or submitted an application to proceed in forma pauperis for this action.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In a habeas matter, venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). In this case, petitioner challenges the computation of his

-1-

sentence by the Department of Corrections.  Whereas here the petitioner attacks the execution of his sentence, as opposed to an attack on the conviction itself, the proper forum in which to review such a claim is the district of confinement.  See Dunn v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined.").  Petitioner is confined in La Palma Correctional Center located in the District of Arizona.  Therefore, the petition should have been filed in the United States District Court for the District of Arizona.  In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

     Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the District of Arizona.

     IT IS SO ORDERED.

Dated:   September 28, 2012          /s/ **Barbara A. McAuliffe**
                                           UNITED STATES MAGISTRATE JUDGE